UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James W. Evans**, | ) **C/A No. 8:08-1681-RBH-BHH** |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| **Jon Ozmint**, Director of South Carolina Department of | ) |
| Corrections; and | ) |
| **Warden Carmichael**, Wateree River Correctional | ) |
| Institution, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

## *Background of this Case*

At the time the plaintiff prepared the complaint, the plaintiff was an inmate at the
Wateree River Correctional Institution.  The South Carolina Department of Corrections
Inmate Database (available on the LEXIS® service) reveals that the plaintiff has been
released from the South Carolina Department of Corrections.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint indicates that this
civil rights action arises out of events that took place after the death of the plaintiff's mother
in 2005.  After the plaintiff requested to be allowed to talk with someone about his mother's
death, the plaintiff was told to submit a request to see the Chaplain.  After two (2) weeks,
the plaintiff saw the Chaplain and requested to be allowed to make a telephone call.  The
Chaplain informed the plaintiff that "we cant [*sic*] give Inmates phone calls[.]"  As the

1

plaintiff was leaving the Chaplain's office, the plaintiff heard the telephone ring and overheard the Chaplain say "we are tiered [*sic*] of these niga's [*sic*] comming [*sic*] to us with these problems we didnt [*sic*] put them Here."

The plaintiff's answers on page 2 of the complaint indicated that the plaintiff filed a grievance but never received a response.  In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff seeks a "Settlement of 4000.000 [*sic*]" in this case.  On page 5 of the complaint, the plaintiff writes: "all I'm asking for Is a Little Help on the behalf of the court please that's all[.]" (Complaint, at page 5 [irregular capitalization and punctuation in original]).

## Discussion

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Although the plaintiff never received a response to his grievance, the allegations raised by the plaintiff in the above-captioned case do not give rise to a federal constitutional violation. The plaintiff's allegations about the Chaplain's use of a racial slur, taken as true, do not constitute the violation of any federally protected right. *See Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate,

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."). *See also Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) ("Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest."), *cert. denied*, *Pittsley by Pittsley v. Warish,* 502 U.S. 879 (1991).  Hence, the use of a racial slur by the Chaplain is not actionable under 42 U.S.C. § 1983.

Also, the plaintiff's inability to make a telephone call from the Chaplain's Office is not a constitutional violation.  Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The defendants were not required to allow the plaintiff to make a telephone after the death of the plaintiff's mother.  *Ali v. Dixon*, 912 F.2d 86, 89 (4th Cir. 1990) ("evaluation of penological objectives is committed to the considered judgment of prison administrators, who are actually charged with and trained in the running of the particular institution").  The inability of a prisoner to make an outside telephone call does not impose an atypical, significant deprivation in relation to the ordinary incidents of prison life as necessary to invoke the protections of the Due Process Clause.  *Sandin v. Conner*, 515 U.S. 472, 481 (1995) (due process clause offended only when inmate subjected to atypical and significant hardships in relation to ordinary incidents of prison life). *See also Anderson v. County of Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995) (prison officials must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional

security"), *rehearing denied*, 75 F.3d 448 (9th Cir. 1995), *cert. denied*, *County of Kern v. Anderson*, 516 U.S. 916 (1995); and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight").

Moreover, since the two named defendants were not personally involved in the events at issue in this case, liability under § 1983 may not be imposed upon them. *See Wilson v. Cooper*, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996); and *Campo v. Keane*, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, 2007 U.S.Dist. LEXIS® 54010, 2007 WESTLAW® 2156632, *2 (D.S.C., July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*).

The doctrine of *respondeat superior* is not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). There is a limited exception to the prohibition against imposing liability in § 1983 cases under the doctrines of *respondeat superior* or vicarious liability, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985). *See also Shaw v. Stroud*, 13 F.3d 791 (4th Cir.), *cert. denied*, *Stroud v. Shaw*, 513 U.S. 813 (1994). Those cases are not applicable in the case at bar.

5

The plaintiff is not entitled to damages for mental stress or anguish.  Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims.  *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, *City of Borger v. Grandstaff*, 480 U.S. 916 (1987); and *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989).  *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983.  This provision is now codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional.  *See Zehner v. Trigg*, 952 F. Supp. 1318 (S.D. Ind. 1997), *affirmed*, 133 F.3d 459, 463 (7th Cir. 1997) ("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [*Metro-North Commuter R.R. v. Buckley*, 521 U.S. 424 (1997) (Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners.  This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

## Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v.*

*Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

April 28, 2008                          s/Bruce Howe Hendricks
Greenville, South Carolina              United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).